00/00/0000 FIRST LEGAL NETWORK 714 541 8182

Michelle R. Ghidotti-Gonsalves, Esq. (SBN: 232837)
Christopher L. Bauer, Esq. (SBN: 255670)
Liana Mikhlenko, Esq. (SBN: 286480)
THE LAW OFFICES OF MICHELLE GHIDOTTI
5120 E. La Palma Ave., Suite 206
Anaheim Hills, CA 92807
Phone: (949) 354-2601
Fax: (949) 200-4381
Email: mghidotti@ghidottilaw.com
Email: cbauer@ghidottilaw.com

ORIGINAL FILED
Northwest District

NOV 03 2015

LOS ANGELES
SUPERIOR COURT

Attorneys for Plaintiff TROJAN CAPITAL INVESTMENTS, LLC

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

## VAN NUYS COURTHOUSE EAST

| | |
|---|---|
| TROJAN CAPITAL INVESTMENTS, LLC<br><br>Plaintiff,<br><br>vs.<br><br>BENIGNO YUZON JR, and DOES 1 to 10, Inclusive;<br><br>Defendants. | CASE NO. 15B14162<br><br>**COMPLAINT FOR UNLAWFUL DETAINER**<br><br>Limited Civil<br>Amount Demanded under $10,000<br><br>**ACTION BASED ON CODE OF CIVIL PROCEDURE SECTION 1161a** |

Plaintiff alleges as follows:

1. Plaintiff is and at all times mentioned in this complaint was a limited liability company duly organized and existing under the laws of the State of Wyoming.

2. Plaintiff became the owner of the property located at 25531 Prado De Las Bellotas, Calabasas, CA 91302 ("the Property") at a trustee's sale on or about October 6, 2015, following foreclosure proceedings. Plaintiff caused to be recorded a trustee's deed in the office of the recorder in the county in which the Property is located, has complied with all requirements

Page 1

COMPLAINT FOR UNLAWFUL DETAINER



# EXHIBIT 3

00/00/0000  FIRST LEGAL NETWORK  714 541 8182

to perfect its title to the Property, and the sale and all actions were in compliance with CC §2924 et. seq. (Attached hereto as Exhibit "1" is a true and correct copy of the recorded Trustee's Deed Upon Sale). Plaintiff is now the owner of the Property and is entitled to possession thereof.

3. Plaintiff is informed and believes, and based upon such information and belief, alleges that, at all times herein mentioned, Defendant, BENIGNO YUZON JR, is an individual in possession of the Property. No landlord/tenant relationship exists between Plaintiff and Defendant.

4. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 TO 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when the same are ascertained. Plaintiff is informed and believes, and based upon such information and belief, alleges that, at all times herein mentioned, each of the fictitiously named Defendants is in possession of the Property, and that Plaintiff's damages, as hereinafter alleged, were the result of the failures, acts and omissions, as hereinafter alleged, by each such Defendants wrongfully.

5. On October 13, 2015, Plaintiff caused to be served on Defendants a 3-Day Notice to Quit, which demanded that Defendant quit the Property within three days after service of the notice. A true and correct copy of the 3-Day Notice to Quit is attached hereto as Exhibit "2". The 3-Day Notice to Quit was served on Defendant by Sarkis Arabyan, a registered California process server. True and correct copies of the proofs of service for the 3-Day Notice to Quit are attached hereto as Exhibit "3".

6. The three-day period stated on the 3-Day Notice to Quit expired on October 16, 2015 and since that date Plaintiff has been and is entitled to immediate possession of the Property.

7. Defendant failed and refused to deliver up possession within the three-day period, or since, and continue in possession of the Property without Plaintiff's permission or consent.

COMPLAINT FOR UNLAWFUL DETAINER

**EXHIBIT 3**

8. The reasonable rental value of the Property is $470.00 per day, and the damages to Plaintiff proximately caused by Defendant's unlawful detention have accrued at that rate since the expiration of the notice, and will continue to accrue at that rate so long as Defendants remain in possession of the Property. Plaintiff remits all excess amounts to the jurisdictional limit of this Court.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

1. For immediate possession of the Property;

2. For damages at the rate of $470.00 per day for each day Defendants continue in possession of the Property after expiration of the notice;

3. For costs of suit herein incurred; and

4. For such other and further relief that the Court deems just and proper.

LAW OFFICES OF MICHELLE GHIDOTTI

Dated: October 20, 2015       By: _____
Christopher L. Bauer, Esq.
Attorneys for Plaintiff
TROJAN CAPITAL INVESTMENTS, LLC

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF ORANGE

I have read the foregoing Complaint – Unlawful Detainer and know its contents.

I am one of the attorneys for TROJAN CAPITAL INVESTMENTS, LLC; a party to this action. The officer responsible for such party is absent from the county aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I have read the foregoing document and I am informed and believe the matters therein to be true, and on that ground, allege the matters stated therein are true.

I declare under the penalties of perjury of the State of California that the foregoing is true and correct.

Executed this 30th day of October, 2015 at Anaheim Hills, CA.

_____
Christopher L. Bauer, Esq