# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Julia Brand, Presiding
Courtroom 1375 Calendar

**Tuesday, October 11, 2016**  　　　　　　　　　　　　　　　　　　　　Hearing Room   1375

**10:00 AM**
**2:16-21695**   **Agostinho Martines**　　　　　　　　　　　　　　　　　　　　　Chapter 13

　　#1.00   Motion for relief from stay [UD]

　　　　TROJAN CAPITAL INVESTMENTS, LLC
　　　　VS
　　　　DEBTOR

　　　　　　　　　　　　Docket    11

**Tentative Ruling:**

　　No opposition was filed.

　　The motion is GRANTED pursuant to 11 U.S.C. § 362(d)(1). The stay is terminated as to the debtor and the debtor's bankruptcy estate with respect to the movant, its successors, transferees and assigns. Movant may enforce its remedies to obtain possession of the property in accordance with applicable law, but may not pursue a deficiency claim against the debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501. **Appearances waived**.

　　Movant completed a nonjudicial foreclosure sale on the real property formerly owned by, and still occupied by, the debtor. Under California law, once a nonjudicial foreclosure sale has occurred, the trustor has no right of redemption. Moeller v. Lien, 25 Cal. App. 4th 822, 831 (1994). In this case, the debtor has no right to ignore the foreclosure and attempt to reorganize the debt.

　　Movant served the debtor with a three-day notice to quit the premises on October 13, 2015. When the debtor failed to vacate the premises, an unlawful detainer action was filed and served on November 3, 2015. Debtor filed the bankruptcy petition on August 31, 2016 in an apparent effort to stay the unlawful detainer action. This motion has been filed to proceed with the unlawful detainer action. This action must go forward because the debtor's right to possess the premises must be determined.

　　Movant requests in the motion that "extraordinary relief" be granted by the

United States Bankruptcy Court
Central District of California
Los Angeles
Judge Julia Brand, Presiding
Courtroom 1375 Calendar

Tuesday, October 11, 2016      Hearing Room    1375

### 10:00 AM
**CONT...**      **Agostinho Martines**      **Chapter 13**

Court. An order prohibiting for 180 days, or longer, the subsequent filing of a bankruptcy case by the debtor or by another person or entity to whom the subject property may be transferred is in the nature of an injunction not specifically authorized by the Bankruptcy Code. Johnson v. TRE Holdings LLC (In re Johnson), 346 B.R. 190, 196 (9th Cir. BAP 2006). Nor does there "appear to be direct statutory authority for an order that bans the filing of future bankruptcy cases by other persons, bans automatic stays in future cases, and authorizes the sheriff to ignore a future bankruptcy case when conducting an eviction." In re Van Ness, 399 B.R. 897, 903 (Bankr. E.D. Cal. 2009). Therefore, a motion is not the appropriate vehicle for obtaining the "extraordinary relief" requested. Movant must seek this aspect of relief by adversary proceeding. Johnson, 346 B.R. at 195. **Accordingly, the movant's request for "extraordinary relief" is denied.**

The 14-day period specified in FRBP 4001(a)(3) is waived. This order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code. **All other relief is denied.**

The movant shall upload an appropriate order via the Court's LOU system.

### Party Information

**Debtor(s):**

Agostinho Martines      Represented By
     Lee M Linson

**Movant(s):**

Trojan Capital Investments, LLC      Represented By
     Julie A Esposito

**Trustee(s):**

Nancy K Curry (TR)      Pro Se